UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BAYOULAND BOWHUNTERS AND OUTFITTERS INC | CASE NO.  6:19-CV-00295 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| BOWTECH INC | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## MEMORANDUM RULING

Before the Court is the Motion to Compel filed on behalf of Plaintiff, Bayouland Bowhunters and Outfitters, Inc. (Rec. Doc. 38). Defendant, Bowtech, Inc., opposed the Motion (Rec. Doc. 40), and Bowtech replied (Rec. Doc. 43). The Court conducted a telephone hearing on April 20, 2021. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is granted in part and denied in part.

## Factual Background

Bayouland is an archery outfitter in Broussard, Louisiana. Bayouland is an authorized dealer for Bowtech bows and crossbows. Bayouland alleged in its Petition, filed in state court and later removed to this Court, that in 2016, 2017, and 2018, it purchased defective bows from Bowtech. Because of the defects, Bayouland alleges that it was required to perform multiple repairs on the bows purchased during that time. Bayouland sued Bowtech for redhibitory defects, breach of implied and

express warranties, and breach of contract. (Rec. Doc. 1-2. ¶15). Bayouland is seeking to recover all damages, including costs of repairs, economic damages, and damages for loss of business reputation, *inter alia*. (Rec. Doc. 1-2. ¶16).

Bayouland seeks to compel Bowtech to produce the following documents:

1) Warranty claims from 2010 to 2015 and from 2018 to present – Bowtech produced warranty claim information from 2016 through part of 2018, but it objected to producing other claims on the grounds that Bayouland's claims do not extend beyond that timeframe.

2) The identities of Bowtech's limb manufacturers and the identities of all regional sales representatives – Bowtech objected to producing this information on the grounds of irrelevance, contending that Bayouland's claims do not require proof of a defect.

The parties are governed by a confidentiality agreement, which sets forth the stipulated procedure for challenging a party's designation of a document as protected under the agreement. (Rec. Doc. 32). Bayouland challenges Bowtech's designation of certain information as confidential.

## Applicable Law

### I. Relevancy of Requested Documents.

F.R.C.P. Rule 26(b)(1) governs the scope of discovery.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged

2

matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

At issue in this motion is whether the discovery sought is relevant. One court recently discussed the new "elusive" standard for relevance under F.R.C.P. 26(b)(1) following the rule's 2015 amendment:

> The term "relevant" as used in Rule 26 can be elusive. As such, excluding potential definitions and descriptors can be helpful. First, and by way of reminder at this point, the term does not include evidence "reasonably calculated" to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26, 2015 amend. cmt. The phrase was deemed problematical and overbroad, removed in 2015, and replaced with this notably direct phrase: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Put simply, the standard is "discoverability," without reference to "admissibility" even contemplated in the future. The 2000 Note offers examples of information that "suitably focused, would be relevant to the parties' claims or defenses ... [including] 'other incidents of the same type, or involving the same product.'" *Id.*
>
> Second, information relevant to "the subject matter involved" is no longer an operative phrase. The reasons this phrase has been abandoned appear in the Commentary to the 2015 amendments to Rule 26:
>
> Proportional discovery relevant to any party's claim or defense suffices, given a proper understanding of what is relevant to a claim or defense. The distinction between matter relevant to a claim or defense and matter relevant to the subject matter was introduced in 2000. The 2000 Note offered three examples of information that, suitably focused, would be relevant to the parties' claims or defenses. The examples were

"other incidents of the same type, or involving the same product"; "information about organizational arrangements or filing systems"; and "information that could be used to impeach a likely witness." Such discovery is not foreclosed by the amendments.

Discovery that is relevant to the parties' claims or defenses may also support amendment of the pleadings to add a new claim or defense that affects the scope of discovery." Fed. R. Civ. P. 26, amend. cmt. Additionally, Rule 26(b) should exclude some discernable body of evidence, and should prevent "fishing" and mere "speculation." *See N. v. Landstar Sys. Inc.*, No. 6:20-CV-00466, 2020 WL 5636902, at *1 (W.D. La. Sept. 21, 2020).

Excluded limitations aside, what *is* relevant still eludes us to this point. But in the aggregate, Rule 26, court decisions, and common-sense notions of fairness provide enough guidance. At the outset, relevant evidence must pertain to a claim or a defense under Rule 26. When a plaintiff seeks discovery then, a court may look to the substantive law underlying a plaintiff's claims to define relevance. Only then can a court ask *how* pertinent disclosure of evidence may be, or how burdensome its production may be. *See Citco Grp. Ltd., No. CV 13-373-SDD-EWD, 2018 WL 276941, at *4* ("A determination of relevancy is tied to applicable substantive law and then weighed against the six proportionality factors.").

In addition, some courts simply look to evidentiary (not admissibility) rules for a definition of evidence. *See, e.g., Davenport v. Hamilton, Brown & Babst, LLC*, No. CIV.A. 07-928-RETSCR, 2008 WL 5101998, at *1 (M.D. La. Nov. 25, 2008). Fed. R. Evid. 401 states that evidence is relevant if: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

*Dixon v. Spurlin*, No. 1:18-CV-00133, 2020 WL 6707325, at *8–9 (W.D. La. Nov. 13, 2020)

4

Guided by the foregoing observations, the Court considers whether the Bowtech warranty claim information and identities of the limb manufacturers and regional sales representatives are relevant to Bayouland's claims.

### A. <u>Relevance of warranty claim documents from 2010 to 2016 and 2018 to present.</u>

Bowtech objected to producing warranty claim information for any years other than 2016 through the time of Plaintiff's suit in 2018. Bowtech contends Bayouland's Petition does not assert claims beyond that time frame. The Court disagrees with Bowtech's interpretation of Bayouland's Petition. Although the Petition asserts factual allegations specific to 2016, 2017, and 2018, Bayouland prayed for all damages, including economic damages and loss of business reputation, *inter alia*, not limited to any particular timeframe. Bayouland asserts that it only kept records of defects during those three years, though it experienced losses from the defect issue before then.

Regardless of the specific factual allegations, the Petition does not exclude claims for warranty issues beyond 2016 to 2018. Under F.R.C.P. Rule 8(a)(2), the petition need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a) (2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Strickland v. Bank of New York Mellon*, No. 20-10124, 2020 WL 7346476, at *2 (5th Cir. Dec. 14, 2020), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007). Pleadings must be construed so as to do justice. F.R.C.P. Rule 8(e).

Bowtech was certainly on notice of Bayouland's claims beyond the 3-year period. Indeed, Bowtech cited Bayouland's claims for economic damages back to 2010 in support of its removal. (Rec. Doc. 1, ¶14). Bowtech also acknowledged in its removal pre-suit communications with Bayouland's counsel regarding the extent of Bayouland's claims. (*Id.*). Moreover, it appears that Bowtech has already considered warranty claims spanning 2010 to 2018, as it has produced spreadsheets relative to such claims. (Rec. Doc. 38-2).

Bayouland clarified during the telephone hearing that it only seeks warranty information from 2010 through 2016 regarding its own claims. The Court agrees that this information is relevant.

Bayouland submits that warranty claims for 2018 to present are relevant to Bowtech's contributory negligence defense blaming Bayouland for submitting the highest rate of repair claims. Bayouland further submits that extended warranty claims are relevant to the issue of Bowtech's alleged "lifetime warranty." The Court agrees.

### B. **Relevance of limb manufacturers and regional sales representatives.**

Bayouland seeks to compel Bowtech to identify its limb manufacturers and sales representatives assigned to Bayouland's account. It believes such witnesses

may have information regarding the alleged defects in the bows. Bowtech contends identities of limb manufacturers and regional sales representatives are irrelevant because Bayouland does not have to prove the existence of defects to prevail on its claims.

Bayouland argues that the existence of defects in the bows is relevant to prove that it complied with Bowtech's warranty claim process. See e.g. Rec. Doc. 43-3, indicating that the warranty protects against failures of product due to defects in material or workmanship, but not to damage due to abuse, misuse or modifications to design. Further Bowtech has raised the defense of Bayouland's comparative fault and further states that Bayouland cannot establish the elements of its claims for breach of warranty. Whether the bows were defective is germane to a breach of warranty claim. Further, contrary to Bowtech's position here, it has previously suggested that the existence of defects is a ripe issue in the case. See e.g. Rec. Doc. 4, p. 10, wherein Bowtech argued in its Motion to Dismiss or Transfer Venue that "all of the relevant witnesses to address whether a defect existed in the Bows, and the process to correct the claimed defect and/or provide limb replacements, are located in Oregon." Although later stages of the proceeding may warrant exclusion of certain defect evidence (especially if Bowtech stipulates that its bows were defective), the broad scope of discovery under F.R.C.P. Rule 26 justifies allowing Bayouland to obtain this information.

## II. Designation of Confidential Documents

Bayouland challenges Bowtech's designation of certain documents as protected under the parties' confidentiality agreement. The confidentiality agreement deems the following documents confidential:

> "any and all documents… concerning, design, manufacture, business practices and procedures, contracts, and/or sales of any products; the internal operating procedures of the defendants, which are proprietary; and/or other confidential, proprietary, or trade secret information and any personal identifying information, such as social security numbers, dates of birth, signatures, and tax numbers, and other private medical information as sensitive information, the disclosure of which presents the potential for serious injury…"

(Rec. Doc. 32, p. 1-2).

The confidentiality agreement in this case is a "blanket protective order that permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information." *Riverkeeper v. Taylor Energy Co., LLC*, 309 F.R.D. 381, 387 (E.D. La. 2015).

> In reviewing a challenge to the confidential designation assigned to a document pursuant to a blanket protective order "designed to protect matters of private, as opposed to public, interest," courts in this Circuit apply a four-part test. These factors include:
>
> (1) good cause—if good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection;
>
> (2) the nature of the protective order (i.e., narrow vs. broad, court imposed vs. court approved upon stipulation of the parties);

8

(3) the foreseeability at the time of the original protective order of the modification now requested; and

(4) the parties' reliance on the protective order.

*Donahue v. Smith*, No. CV 15-6036, 2017 WL 6604842, at *4 (E.D. La. Dec. 27, 2017) (citing cases).

The objective of such protective orders is "to protect only material for which there is a clear and significant need for confidentiality." *Blanchard & Co. v. Barrick Gold Corp.,* No. 02-3721, 2004 WL 737485, at *6 (E.D. La. Apr. 5, 2004)*,* citing *Manual for Complex Litigation (Third),* at p. 69 § 21.432.

The challenged documents in this case consist of voluminous spreadsheets and statistics breaking down the numbers and percentages of sales and warranty claims for particular styles of bows to Bowtech's customers. The documents also breakdown each ship date, order number, customer name, item code, and item description. (Rec. Doc. 38-2). Having reviewed Bowtech's full data spreadsheet presented for the Court's inspection, the Court finds that the material was properly designated confidential. The parties' Confidentiality Agreement encompasses information pertaining to Bowtech's sales of numerous products and break-downs of warranty claims per product. The Court finds that such information is encompassed by the parties' agreement and that such information could, if not kept confidential, cause proprietary harm to Bowtech.

## **Conclusion**

For the reasons discussed herein, Bayouland's Motion to Compel (Rec. Doc. 38) is GRANTED IN PART AND DENIED IN PART.

THUS DONE in Chambers, Lafayette, Louisiana on this 26th day of April, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE